IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY ROSHON ROBERTS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-11-33-M |
| v. ) | |
| ) | |
| JUSTIN JONES, Director, et. al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

Plaintiff, an Oklahoma state prisoner appearing *pro se* and *in forma pauperis*, has filed this action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff names three Defendants: Mr. Jones, in his capacity as the Director of the Oklahoma Department of Corrections ("DOC"), Ms. Morton, in her capacity as Mr. Jones' Designee ("Designee Morton") for administrative grievance appeals, and Mr. Taylor ("Warden Taylor"), in his capacity as the Warden of Cimarron Correctional Facility ("CCF"). The Complaint alleges the denial of various constitutional rights by Defendants, for which Plaintiff seeks monetary damages. For the following reasons, it is recommended that Plaintiff's cause of action be summarily dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

I. Statutory Screening of Prisoner Complaints

The court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Moreover, in considering a civil

1

complaint filed *in forma pauperis* by any litigant, the court has the responsibility to screen the complaint. 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint, or any portion of it, filed *in forma pauperis* or against a governmental entity or officer or employee of a governmental entity if the claims are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Plaintiff's Claims

In the Complaint filed January 10, 2011, Plaintiff alleges in count one that his First Amendment right "to petition the government for a redress of grievances" was violated by Defendants. As supporting facts, Plaintiff alleges that he submitted a grievance to CCF Warden Taylor, in which he asserted that CCF officials had not complied with DOC policy establishing time limits for holding a rehearing in a disciplinary proceeding. Plaintiff alleges that his grievance was denied and that his appeal of this grievance decision was denied in an

untimely manner. In a separate incident, Plaintiff asserts that he submitted a request to staff to his unit manager on November 19, 2010, "pertaining to a condition of his confinement," and this request to staff was denied. Plaintiff asserts that his grievance concerning this issue was denied on November 29, 2010, by an assistant warden, and that his administrative appeal of the grievance decision was untimely denied. Plaintiff asserts that he was subjected to "punishment and retaliation" for the filing of these grievances when he was found guilty of a misconduct charge at a rehearing conducted at CCF on December 1, 2010.

In count two, Plaintiff alleges his Eighth Amendment right "to adequate conditions of confinement" was violated by Defendants. In support of this claim, Plaintiff alleges that he submitted a request to staff to his unit manager on November 11, 2010, complaining that he had been deprived of outside recreation "when it is raining" because there was no overhead shelter on the prison's outdoor recreation area. Plaintiff's grievance concerning this issue was denied on November 29, 2010, and his appeal of the grievance decision was denied on December 28, 2010. Plaintiff also alleges in count two that he was subjected to retaliation for the filing of this grievance when he was found guilty of a misconduct charge at a rehearing conducted at CCF on December 1, 2010.

In count three, Plaintiff alleges a violation of his Fourteenth Amendment right to due process. As support for this claim, Plaintiff alleges that Defendant Designee Morton did not comply with DOC policy prescribing the time limit for responding to administrative grievance appeals. Plaintiff admits that he received responses from Defendant Designee Morton to his grievance appeals on January 5, 2011, but asserts that the responses were

untimely and denied Plaintiff his right of access to the courts "as well as the right to grieve . . . ."

In count four, Plaintiff alleges a "[c]onspiracy to deprive another individual of their constitutionally protected rights." In support, Plaintiff asserts that Defendant Designee Morton denied Plaintiff's appeal of a grievance decision "concerning a property issue" for an insufficient reason because he "ha[d] no access to a stapler in order to staple the attachment to the appeal." Plaintiff alleges that Defendants Morton, Jones, and Taylor deprived him of his right of access to the courts and his "right to petition the government for a redress of grievances along with retaliation and punishment" and that Defendants "conspired against" Plaintiff in deprivation of his clearly established Fourteenth Amendment rights.

III. Right of Access to the Courts

Plaintiff contends in count one that Defendants denied Plaintiff his constitutionally-protected right of access to the courts. The only actions alleged by Plaintiff in support of this claim are Defendants' denials of his administrative grievances.

"Individual liability under [42 U.S.C.] § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). Moreover, a defendant's supervisory status alone does not create § 1983 liability. Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009). There must be "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Green v.

4

Branson, 108 F.3d 1296, 1302 (10th Cir. 1997)(quotation and brackets omitted).

"[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Gallagher, 587 F.3d at 1069 (citing, e.g., Whitington v. Ortiz, 307 Fed. Appx. 179, 192-193, 2009 WL 74471, * 12 (10th Cir. Jan. 13, 2009)(unpublished op.)(denial of grievances alone is insufficient to establish personal participation in alleged constitutional violations which prompted filing of grievance); Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002)(*per curiam*)("[Plaintiff] failed to state First Amendment claims relating to his grievances . . . because defendants' denial of his grievances did not state a substantive constitutional claim."). See also Adams v. Wiley, 2010 WL 3995977, * 3 (10th Cir. Oct. 13, 2010)(unpublished op.)("denial of a grievance alone does not constitute 'personal participation' in the denial of a constitutional right sufficient to support a Bivens claim against these individuals").

With respect to Plaintiff's claims of a denial of his right of access to the courts Plaintiff has failed to state a plausible § 1983 claim for relief against Defendants because he has not alleged Defendants' personal participation in a constitutional deprivation of his right of access to the courts. See Sawyer v. Green, 316 Fed.Appx. 715, 717 n. 3, 2008 WL 2470915, * 2 (10th Cir. June 20, 2008)(unpublished op.)(jail and sheriff's office authorities' failure to respond to prisoner's grievances did not constitute constitutional violation because "nothing more is required [of right to procedural due process] than [inmate's] ability to raise his constitutional claims in the courts, which he obviously has done here by filing a § 1983

complaint"); Walters v. Corr. Corp. Of Am., 119 Fed.Appx. 190, 191 (10th Cir. 2004)(unpublished op.)("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.")(quoting Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Rauh v. Ward, 112 Fed.Appx. 692, 693-694 (10th Cir. Oct. 14, 2004)(unpublished op.)(upholding dismissal of action for failure to state claim for relief where prisoner alleged denial of access to state's administrative grievance procedure because "prisoner's right to petition the government for redress is the right of access to the courts")(quoting Flick v. Alba, 932 F.2d at 729).

Even assuming that Plaintiff has alleged the personal participation of Defendants, Plaintiff has failed to allege an actual injury sufficient to state a claim of denial of his right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 355 (1996)( holding inmate alleging denial of right of access to courts must show Defendants actually "hindered his efforts to pursue a legal claim"). Plaintiff has alleged only that Defendants denied his grievances and grievance appeals. Therefore, Plaintiff's claim in count one of a denial of his right of access to the courts should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

IV. Conditions of Confinement

Plaintiff alleges in count two of the Complaint that his Eighth Amendment right to adequate conditions of confinement was violated by Defendants. As factual support for this claim, Plaintiff alleges CCF does not provide him with an hour of outdoor or indoor

6

recreation on rainy days due to the absence of a shelter covering CCF's outdoor recreation area. Plaintiff has attached to the Complaint a copy of a grievance response from Acting Warden Middleton dated November 29, 2010. In this grievance response, Mr. Middleton advised Plaintiff that pursuant to DOC Policy 10-102, inmates in the "Intensive Supervision Unit" are entitled to "one hour of outdoor recreation five days a week," unless "safety and/or security considerations" require deviation from the policy. (Doc. # 1, Ex. A). Mr. Middleton denied the grievance and explained the decision by stating that "[t]here is substantial compliance with applicable policies, and to allow one hour of dayroom time during of [sic] instances of inclement weather is unnecessary, as well as presenting an unacceptable safety and security risk." Id. The grievance decision was affirmed on appeal by Defendant Designee Morton. (Doc. # 1, att. B).

To state an Eighth Amendment claim, Plaintiff must allege that Defendants knew of and disregarded an excessive risk to his health or safety. See Farmer v. Brennan, 511 U.S. 8225, 837 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). "Absent allegations . . . of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." Shifrin v. Fields, 39 F.3d 1112, 1114 (10th Cir. 1994)(internal quotations omitted). Plaintiff's allegation that he has no opportunity to exercise on rainy days falls far short of the requirements for stating an Eighth Amendment claim. The allegation is vague and conclusory and does not plausibly allege an excessive risk to Plaintiff's health or safety. Therefore, Plaintiff's Eighth Amendment claim should be

7

dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

V. Due Process

In count three, Plaintiff alleges a deprivation of his right to due process. In support of this claim, Plaintiff asserts that Defendant Designee Morton did not comply with DOC policy concerning the time limit for submitting decisions in administrative grievance appeals. Although States may in some circumstances create a liberty interest protected by the Due Process Clause, "these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff bases his due process claim solely on Defendant Designee Morton's lack of compliance with time limits for grievance appeal decisions set out in DOC's grievance procedures. However, DOC's grievance procedures do not support Plaintiff's due process claim because those procedures do not create any liberty interest protected by the Due Process Clause. See Gilbreath v. Clark, 193 Fed.Appx. 741, 743, 2006 WL 1997636, * 2 (10th Cir. July 18, 2006)(unpublished op.)(holding "prison grievance procedures do not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment")(internal quotations and citation omitted). Assuming the truth of Plaintiff's well-pleaded factual allegations, Defendant Designee Morton's failure to strictly comply with the time limits established in DOC's grievance procedure did not impose an "atypical and significant hardship" upon Plaintiff in relation to the ordinary incidents of his

incarceration. Sandin, 515 U.S. at 484. Therefore, Plaintiff has not stated a claim for a deprivation of the Due Process Clause.

Plaintiff's allegations in his Complaint may generously be construed to assert that his right to procedural due process was denied in the disciplinary rehearing conducted on December 1, 2010. Plaintiff alleges in count one that he was "found guilty of the infraction without 'any' new evidence, no opportunity to present evidence, and no opportunity to call his witness or get a statement from the witness he requested." This § 1983 claim seeking damages against Defendants should be dismissed without prejudice. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court recognized that damages may not be recovered in a §1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 487. Plaintiff has failed to demonstrate that his disciplinary misconduct has been overturned or declared invalid. Accordingly, Plaintiff's claim against Defendants seeking damages for alleged procedural due process violations in connection with his disciplinary misconduct is barred under Heck and should be dismissed without prejudice.

VI. Retaliation, Conspiracy

Plaintiff alleges throughout his Complaint that he suffered retaliation for the filing of

9

grievances because he was found guilty of a misconduct charge in a disciplinary rehearing conducted on December 1, 2010. Further, Plaintiff alleges that Defendants conspired to violate his constitutionally-protected right of access to the courts.

"[P]rison officials may not harass or retaliate against an inmate for exercising his right of access to the courts." Penrod v. Zavaras, 94 F.3d 1399, 1404 (10th Cir. 1996). Accord, Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). As factual support for his retaliation claim, Plaintiff alleges that he was found guilty of a misconduct in a disciplinary rehearing conducted December 1, 2010, after he filed grievances and that no "new evidence" was considered at the disciplinary rehearing. Although "[t]iming can be circumstantial evidence of retaliatory intent," Poole v. County of Otero, 271 F.3d 955, 961 (10th Cir. 2001), Plaintiff admits, and attachments to his Complaint reflect, that the disciplinary rehearing had been ordered by CCF officials before Plaintiff submitted any grievances and long before he filed this cause of action. (Doc. # 1, Ex. D, at 1). Plaintiff's attachments to his Complaint further reflect that the disciplinary rehearing was not held within the time limit imposed by DOC procedures because of a clerical error. (Doc. # 1, Ex. D, at 4). Plaintiff has not shown that either the filing of his grievances or the filing of this action was the "but for" cause of the finding of guilt rendered in the disciplinary rehearing. See Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). Thus, Plaintiff's claims of retaliation should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Plaintiff alleges that Defendants conspired to deny Plaintiff his right of access to the

courts. However, Plaintiff's claim is not supported by any facts sufficient to infer the existence of an agreement and concerted action among Defendants. Thus, the conspiracy claim is frivolous and should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim for relief and, with respect to his conspiracy claim, as frivolous. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by __February 24th__, 2010, in accordance with 28 U.S.C. § 636. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __4th__ day of __February__, 2010.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE